## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA J. DISEN a/k/a Maria Jimenez Disen-Colon, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-00521 |
| v. | (SAPORITO, M.J.) |
| BAYVIEW LOAN SERVICING, LLC, | |
| Defendant. | |

*FILED*
*WILKES BARRE*

*MAR 23 2021*

PER _____ M̅S̅

*DEPUTY CLERK*

### MEMORANDUM

On March 22, 2021, the plaintiff, MariaJacqueline Dicent,[1] lodged her *pro se* complaint with the clerk, together with a motion for leave to proceed *in forma pauperis* in this action. (Doc. 1; Doc. 2.)

The plaintiff has filed her *pro se* complaint in the wake of her unsuccessful defense against a state court foreclosure action. *Bayview Loan Servicing, LLC v. Disen*, No. 8505 CV 2019 (Monroe Cty. (Pa.)

---

[1] The plaintiff's *pro se* complaint and attached exhibits indicate that her legal name is now MariaJacqueline Dicent, but she previously has been known as Maria J. Disen and Maria Jimenez Disen-Colon. The caption of the underlying state foreclosure action identified her as "Maria J. Disen a/k/a Maria Jimenez Disen-Colon," and she has echoed that style in the caption of this case. In prior bankruptcy proceedings, she was identified as "Maria J. Disen Colon," "Maria Jimenez Colon Disen," and "Maria J. Disen-Colon."

C.C.P. May 28, 2020) (granting summary judgment in favor of plaintiff-mortgagee), *appeal dismissed*, No. 1292 EDA 2020, 2020 WL 6336065 (Pa. Super. Ct. Oct. 29, 2020), *allocatur denied mem. per curiam*, No. 700 MAL 2020, 2021 WL 911199 (Pa. Mar. 10, 2021).

The plaintiff's primary federal claim—which was also her primary defense in the state court foreclosure action—is that the mortgagee's collection and foreclosure activities violated a discharge order and an order avoiding judgment lien entered in bankruptcy proceedings. *See* Discharge of Debtor, *In re Disen Colon*, No. 5:04-bk-52421 (Bankr. M.D. Pa. Aug. 30, 2004), ECF No. 7; Order Avoiding Judgment Lien, *In re Disen Colon*, No. 5:04-bk-52421 (Bankr. M.D. Pa. May 17, 2006), ECF No. 23. She contends that the mortgagee's conduct constitutes civil contempt.

In addition, the plaintiff contends that the mortgagee's conduct violated the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692e, 1692j, and that the foreclosure action constituted a violation of her Fourteenth Amendment due process rights, made actionable by 42 U.S.C. § 1983.[2]

---

[2] We note, however, that the mortgagee is a private entity, and merely prevailing in litigation does not convert its conduct into state action. *See generally Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F. Supp. 1050, 1059 (S.D.N.Y. 1994).

For relief, she seeks an injunction staying the writ of foreclosure and an award of compensatory, statutory, and punitive damages.

A bankruptcy court has the statutory authority to impose civil contempt sanctions for a creditor's violation of a bankruptcy discharge order it has entered. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019). Moreover, the discharge of debts and the determination of the validity of liens fall within the "core" proceedings a bankruptcy court may properly decide. *See* 28 U.S.C. § 157(b)(2); *In re SemCrude, L.P.*, 864 F.3d 280, 289 n.3 (3d Cir. 2017); *In re Midstate Mortg. Investors, Inc.*, 105 Fed. App'x 420, 422 (3d Cir. 2004); *In re McCabe*, 588 B.R. 428, 438 (E.D. Pa. 2018), *appeal filed*, No. 18-2219 (3d Cir. June 1, 2018). "Civil contempt proceedings arising out of core matters are themselves core matters." *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990); *see also In re Stephen W. Grosse, P.C.*, 84 B.R. 377, 386 (Bankr. E.D. Pa. 1988) ("The referral of jurisdiction to adjudicate core proceedings includes the jurisdiction to adjudicate civil contempt arising within the core proceeding."), *aff'd*, 96 B.R. 29 (E.D. Pa.), *aff'd mem. sub nom. Dubin v. Jakobowski*, 879 F.2d 856 (3d Cir. 1989); *accord In re Lands End Leasing, Inc.*, 220 B.R. 226, 233 (Bankr. D.N.J. 1998).

Based on the allegations of the complaint, it appears to us that the proper venue for this action is the bankruptcy court that adjudicated the debt discharge and lien determination orders upon which the plaintiff's primary claim for federal relief is based. *See* Standing Order No. 16-3 (M.D. Pa. Mar. 11, 2016) (referring "any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court); *see also* 28 U.S.C. § 157(a). Accordingly, the matter will be transferred to the United States Bankruptcy Court for the Middle District of Pennsylvania for further proceedings.[3]

Dated: March __23__, 2021

_Joseph F. Saporito, Jr._
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[3] The transfer or reference of a case to bankruptcy court is a non-dispositive matter on which a magistrate judge may rule pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See Searcy v. Knostman*, 155 B.R. 699, 702 (S.D. Miss. 1993); *accord Marascalco v. Marascalco*, No. 4:20-CV-37-DMB-JMV, 2020 WL 1978377, at *2 n.2 (N.D. Miss. Apr. 24, 2020); *Spring Street Partners-IV, L.P. v. Lam*, Civil Action No. H-08-107, 2009 WL 196954, at *1 n.1 (S.D. Tex. Jan. 27, 2009).