IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA DISEN,** | : | Civil No. 3:21-CV-521 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Carlson) |
| **BAYVIEW LOAN SERVICING, LLC.,** | : | |
| Defendant | : | |

## MEMORANDUM ORDER

This is a *pro se* Fair Debt Collection Practices Act lawsuit. The defendant has moved to dismiss the complaint. (Doc. 24). The plaintiff, in turn, seeks discovery in the form of a motion for the issuance of subpoenas to third parties. (Doc. 23). Given this pending potentially dispositive motion we will DENY this motion for subpoenas (Doc. 23) at this time without prejudice to renewal at a later date if appropriate.

Several basic guiding principles inform our resolution of the instant motion. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of

discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially

dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for themselves and others until after these claimed legal defenses are addressed by the court.

> In such instances, it is clearly established that:
>
> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets, we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending motion to dismiss. We reach this conclusion finding that "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" <u>Johnson</u>, 205 F.R.D. at 434. Accordingly, Disen's motion for issuance of subpoenas will be denied without prejudice to renewal if appropriate once the pending motion to dismiss is resolved. .

An appropriate order follows.

DATED: November 1, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIA DISEN,** | : | Civil No. 3:21-CV-521 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **BAYVIEW LOAN SERVICING, LLC.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 1st day of November 2023, in accordance with the accompanying Memorandum IT IS ORDERED that the plaintiff's motion for subpoenas (Doc. 23) is DENIED without prejudice to renewal at a later date if appropriate.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
