THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIA J. DISEN,

    Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

CIVIL ACTION NO. 3:21-CV-00521
(JUDGE MARIANI)
(Magistrate Judge Carlson)

## ORDER

AND NOW, THIS 30th DAY OF APRIL, 2024, upon *de novo* review of Magistrate Judge Martin C. Carlson's Report & Recommendation ("R&R") (Doc. 36)[1], Plaintiff Maria J. Disen's Objections to the R&R (Doc. 37), Defendant Bayview Loan Servicing, LLC's response thereto (Doc. 38), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

---

[1] A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011). The *de novo* standard applies only to objections which are both timely and specific. *Goney v. Clark,* 749 F.2d 5, 6-7 (3d Cir. 1984). The Court first notes that Plaintiff's objections are timely. 28 U.S.C. § 636(b)(1). Although the Court finds that Plaintiff's objections are general complaints that lack clarity and specificity, out of an abundance of caution, the Court has reviewed Plaintiff's Objections *de novo.* 28 U.S.C. § 636(b)(1).

1. Plaintiff's Objections are **OVERRULED**.[2] Plaintiff first objects to the R&R on the basis that the R&R "focuses on the Bankruptcy issue. The Bankruptcy is not the Claim at the present time." (Doc. 37 at 2.) In his R&R, Magistrate Judge Carlson determined that there "is a fundamental and overarching flaw in [Plaintiff's] complaint" in that "[t]he Rooker-Feldman Doctrine and Res Judicata Principles Bar These Claims." (Doc. 36 at 10.) *"Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its own orders." *Easley v. New Century Mortg. Corp.*, No. CIV A 08-4283, 2009 WL 2256692, at *1 (E.D. Pa. July 28, 2009), *aff'd,* 394 F. App'x 946 (3d Cir. 2010). Magistrate Judge Carlson correctly determined that "[t]his matter arises out of prior state mortgage litigation which concluded with the entry of judgment against the plaintiff" and that "the complaint contains claims which necessarily invite a federal court to, *de novo*, review, re-examine, and reject state court rulings in this prior state mortgage case." (Doc. 36 at 10.) As Magistrate Judge Carlson concluded, this is exactly what is forbidden by the *Rooker-Feldman* doctrine. *See Easley*, 2009 WL 2256692 at *1, *aff'd,* 394 F. App'x 946. This insurmountable hurdle encapsulates Plaintiff's

---

[2] In her Objections, Plaintiff complains that "The Report and Recommendation's caption reads my name as Maria Disen. My name was legally changed in the Federal Court for the Middle District of Pennsylvania from Maria Jacqueline Jimenez Disen to MariaJacqueline Dicent a shorter version." (Doc. 37 at 1.) Plaintiff has not offered any record of Plaintiff's alleged name change. Additionally, Plaintiff's complaint regarding her alleged name change does not constitute a substantive objection to the Report and Recommendation issued by Magistrate Judge Carlson. *See Goney,* 749 F.2d at 6-7. Nonetheless, the Court will refer to Plaintiff only as "Plaintiff" in this Order.

arguments contained within her Objections that Defendant failed to apply her mortgage payments in the amount of $4,900 and $360. (Doc. 37 at 12.) These contentions were raised in Plaintiff's answer in the foreclosure actions. (*See* Answer to Plaintiff's Complaint, Doc. 38-1, Ex. C, ¶¶ 16, 17.) The Court therefore overrules this basis of Plaintiff's Objections.

Plaintiff also contends that Magistrate Judge Carlson's determination that Plaintiff's claims are barred by *res judicata* "does not meet the elements or is applicable for this case [sic]." (Doc. 37 at 7.) *Res Judicata* bars claims that were or could have been raised in a state action. *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. Appx. 149, 153 (3d Cir. 2008). Here, Magistrate Judge Carlson correctly noted that each of Plaintiff's claims were raised or could have been raised in the state foreclosure action and bankruptcy proceeding. (Doc. 36 at 14.) Magistrate Judge Carlson was therefore proper in concluding that dismissal is warranted under the doctrine of *res judicata,* and the Court overrules this basis of Plaintiff's Objections.

Plaintiff also argues that her claims arising under the Fair Debt Collection Practices Act ("FDCPA") were "not addressed" in the state court proceedings and are thus not barred. (Doc. 37 ¶ 2.)[3] As Magistrate Judge Carlson correctly noted (Doc. 36 at 18-19), claims under the FDCPA must be brought "within one year from the date

---

[3] To the extent Plaintiff is asserting in her Objections a new "Fair Credit Collection Act" claim or "New Matter" that she acknowledges is related to selling of the mortgage to Home Land Financial Services, Inc., (Doc. 37 at 3, 6-8, 10), she is barred from doing so given that these claims were not alleged in her Complaint (Doc. 1). *See, e.g., Santo v. U.S. Bank Nat'l Ass'n,* No. 1:17-CV-1597, 2018 WL 4680090, at *3 (M.D. Pa. Sept. 28, 2018) ("First, it is axiomatic that pleadings cannot be amended through briefing in opposition to a motion to dismiss.").

3

on which the violation occurs." (Doc. 36 at 18); 15 U.S.C. § 1692k (d). Plaintiff contends that Defendant violated the FDCPA by not crediting a payment in March of 2019 and brining this foreclosure action in October of 2019. (Doc. 37 at 10-11.) Magistrate Judge Carlson accurately explained that Plaintiff did not bring her case until March of 2021, "well beyond the one-year limitations period prescribed by statute." (Doc. 36 at 18.) Therefore, Magistrate Judge Carlson's determination that Plaintiff's FDCPA claims should be dismissed was correct, and this basis of Plaintiff's Objections is overruled.

Finally, Plaintiff generally argues that her Fourteenth Amendment claims do not warrant dismissal. (Doc. 37 ¶¶ 1, 30.) As Magistrate Judge Carlson explained, Defendant is not a state actor (Doc. 36 at 19-20), and Plaintiff is thus unable to make out a Fourteenth Amendment claim against it. *See Bailey v. Harleysville Nat'l Bank & Tr.,* 188 F. App'x 66, 67 (3d Cir. 2006) ("To show that the defendant acted under color of state law, a litigant must establish that the defendant is a 'state actor' under the Fourteenth Amendment."). The Court therefore overrules this basis of Plaintiff's Objections.

2. The R&R (Doc. 36) is **ADOPTED** for the reasons discussed therein.
3. Defendant's Motion to Dismiss (Doc. 24) is **GRANTED.**

4. The Clerk of Court is directed to **CLOSE** Case Number 3:21-cv-00521.

Robert D. Mariani
United States District Judge